McGann v. State.

(Division B.   April 6, 1936.)

[167 So. 53.   No. 32178.]

C. P. and S. H. Long, of Tupelo, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Mrs. Mamie McGann, was convicted of obtaining money under false pretenses in the sale of certain timber growing upon lands described in the indictment, which timber had been purchased from her by one E. F. Dowdy for a consideration of six hundred sixty-six dollars. After the sale, Mrs. McGann and her husband filed suit in the chancery court of Pontotoc county to enjoin the cutting and removing of the timber, for the reason that it was a homestead, and the chancery court so held and sustained the injunction against cutting and removing the timber. The appellant was, thereupon, indicted. The deed which the appellant gave contained the statement that, ''The above land is no part of my homestead.''

The testimony shows that she made this representation at the time she executed the deed to avoid the requirement that her husband join in the deed. At the time the deed was executed her husband was away, and the proof tended to show that they had moved from place to place in various parts of the country through a number of years, and that Mrs. McGann had some prop-

erty, the title to which was involved in litigation at the time the deed to the timber was executed, and one-third of the purchase money agreed to be paid was reserved to await the disposition of the pending litigation. When the deed was executed in the office of E. F. Dowdy's attorney, it was stated that it was necessary for the husband to sign to avoid complications, and thereupon the appellant stated that the land was no part of her homestead, and that she and her husband had separated, and to use the language of a witness, "that she had run her husband off and would kill him if he returned."

The defense appeared to be insanity, and it was shown by the testimony that Mrs. McGann had been committed to the asylum as insane prior to the making of said deed on one or two different occasions. But the testimony on behalf of the state shows that, at the time of making the deed, the appellant was sane and normal.

We think the testimony as to insanity was such that the jury could rightfully find therefrom that the appellant was sane at the time of making the deed, and that, consequently, if she made the false representation alleged, which is material to the validity of the title, she knew the difference between right and wrong at least, and this is the test of responsibility for crime where insanity is the defense.

We find no reversible error and the judgment of the court below will, therefore, be affirmed.

Affirmed.